Approved: _____
MITZI S. STEINER
Assistant United States Attorney

Before:   THE HONORABLE SARAH L. CAVE
          United States Magistrate Judge
          Southern District of New York

------------------------------- x
                                :
UNITED STATES OF AMERICA        :    20 Mag. 13740
                                :
        - v. -                  :
                                :    RULE
                                :    5(c)(3)
KEVIN BARNER,                   :    AFFIDAVIT
                                :
              Defendant.        :
                                :
------------------------------- x

SOUTHERN DISTRICT OF NEW YORK, ss:

        ANTHONY LUPINACCI, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

        On or about October 15, 2020, the United States District Court for the District of Maine issued a warrant for the arrest of "Kevin Barner" based on a Motion to Revoke Bail charging him with violations of Bail Condition 7(p)(home incarceration) and 7(m) (using or unlawfully possessing narcotics).  A copy of the arrest warrant and Motion to Revoke Bail are attached hereto as Exhibits A and B, respectively, and incorporated by reference herein.

        I believe that KEVIN BARNER, the defendant, who was taken into FBI custody on December 28, 2020, in the Southern District of New York, is the same individual as "Kevin Barner" who is wanted by the United States District Court for the District of Maine.

2

The bases for my knowledge and for the foregoing charge are, in part, as follows:

1. I am a Special Agent with the Federal Bureau of Investigation. I have been personally involved in determining whether KEVIN BARNER, the defendant, is the same individual as the "Kevin Barner" named in the October 15, 2020 arrest warrant from the United States District Court for the District of Maine. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit each and every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

2. Based on my review of documents from proceedings in the United States District Court for the District of Maine, I know that, on or about October 15, 2020, the United States District Court for the District of Maine issued a warrant for the arrest of "Kevin Barner" (the "Arrest Warrant"). The Arrest Warrant was issued based on a Motion to Revoke Bail (the "Motion") charging "Kevin Barner" with violations of Bail Condition 7(p) (home incarceration) and 7(m) (using or unlawfully possessing narcotics). The Motion was filed in connection with criminal case number 2:19-cr-00063-LEW in the District of Maine.

3. On December 28, 2020, at approximately 10:20 a.m., KEVIN BARNER, the defendant, was arrested in front of the Daniel Patrick Moynihan Courthouse. Following his arrest, BARNER responded to the name "Kevin Barner" and provided his date of birth, which is the same date of birth provided by law enforcement officers in the District of Maine for the "Kevin Barner" named in the Arrest Warrant. I obtained an image of the "Kevin Barner" wanted in the District of Maine from a law enforcement database and, based on my observations in connection with the arrest, the individual pictured appears to be BARNER.

3

WHEREFORE, I respectfully request that KEVIN BARNER, the defendant, be imprisoned or bailed as the case may be.

/s Anthony Lupinacci (By Court with Authorization)
_____
Anthony Lupinacci, Special Agent
Federal Bureau of Investigation


Sworn to before me through the transmission of this Affidavit by reliable electronic means, pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this __7th__ day of XXXXXXXXXXXXX January 2021


_____
THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

EXHIBIT A

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Maine

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED
2020 OCT 15 A 9: 06
DEPUTY CLERK

| United States of America | ) |
|---|---|
| v. | ) Case No. 2:19-cr-00063-LEW |
| KEVIN BARNER | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Kevin Barner,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☑ Order of the Court

This offense is briefly described as follows:

Violation of Order Setting Condition(s) of Release; 18:3148

A TRUE COPY
ATTEST: Christa K. Berry, Clerk
By: _____
Deputy Clerk

Date: 10/15/2020

_____
*Issuing officer's signature*

City and state: Bangor, Maine

Julie W. Rodrigue, Deputy in Charge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____  Weight: _____

Sex: _____  Race: _____

Hair: _____  Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:19-cr-63-LEW |
| v. ) | |
| ) | |
| KEVIN BARNER ) | |

## MOTION TO REVOKE BAIL AND
## EX PARTE MOTION FOR ISSUANCE OF WARRANT OF ARREST

The United States moves that the Court revoke Defendant's release. The Government further moves that the Court forthwith issue a warrant for Defendant's arrest. In support of this motion, the Government states the following:

1. On April 21, 2020, defendant Kevin Barner was granted release by this Court with conditions.

2. Among the defendant's conditions of release are the following:

**Condition 7(p)(iii)**: The defendant must participate in one of the following location restriction programs and comply with its requirements as directed, and consent to a search of the defendant's geographic location and movements by the pretrial services office via the program's equipment. You are restricted to a 24-hour-a-day lock-down at your residence except for medical necessities and court appearances, or other activities specifically approved by the court.

**Condition 7(m)**: The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This provision does not permit the use of marijuana even with a prescription, without further permission of the Court or probation officer.

3. As is more fully set forth in the declaration of United States Probation Officer Ashley Hadam (attached as Exhibit 1), Defendant has violated these conditions.

4. WHEREFORE, the United States requests that the Court forthwith enter an order on an <u>ex parte</u> basis directing the Clerk to issue a warrant for Defendant's arrest. The United States further requests that, after hearing, the Court enter an order revoking Defendant's pre-trial release.

Date: October 14, 2020

                                      Respectfully submitted,

                                      Halsey B. Frank
                                      United States Attorney

                                      David B. Joyce
                                      Assistant U.S. Attorney

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:19-cr-63-LEW |
| v. ) | |
| ) | |
| KEVIN BARNER ) | |

### DECLARATION OF ASHLEY HADAM

I, Ashley Hadam, United States Probation Officer for the District of Maine, do hereby declare as follows:

### BACKGROUND

On April 21, 2020, the defendant was released on bail. He is currently on courtesy supervision by the United States Probation Office for the Southern District of New York. Among the defendant's conditions of release are the following:

1. **Condition 7(p)(iii)**: The defendant must participate in one of the following location restriction programs and comply with its requirements as directed, and consent to a search of the defendant's geographic location and movements by the pretrial services office via the program's equipment. You are restricted to a 24-hour-a-day lock-down at your residence except for medical necessities and court appearances, or other activities specifically approved by the court.

2. **Condition 7(m)**: The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This provision does not permit the use of marijuana even with a prescription, without further permission of the Court or probation officer.

### BASIS FOR REVOCATION

The Probation Office believes the defendant has violated the above conditions of release in the following ways:

1. On May 26, 2020, Barner left his residence without authorization.

2. On May 27, 2020, Barner left his residence without authorization.

3. On June 10, 2020, Barner left his residence without authorization.

EXHIBIT 1

4. On June 17, 2020, Barner left his residence without authorization.

5. On June 24, 2020, Barner left his residence without authorization.

6. On July 1, 2020, Barner left his residence without authorization.

7. On July 3, 2020, Barner left his residence without authorization.

8. On July 12, 2020, Barner left his residence without authorization.

9. On July 17, 2020, Barner left his residence without authorization.

10. On July 22, 2020, Barner left his residence without authorization.

11. On July 28, 2020, Barner left his residence without authorization.

12. On July 29, 2020, Barner left his residence without authorization.

13. On August 3, 2020, Barner left his residence without authorization.

14. On August 7, 2020, Barner left his residence without authorization.

15. On August 14, 2020, Barner left his residence without authorization.

16. On August 15, 2020, Barner did not return to his residence as scheduled following an approved treatment session.

17. On August 29, 2020, Barner left his residence without authorization.

18. On August 30, 2020, Barner left his residence without authorization.

19. On September 1, 2020, Barner left his residence without authorization.

20. On September 3, 2020, Barner did not return to his residence as scheduled following an approved treatment session.

21. On September 4, 2020, Barner left his residence without authorization.

22. On September 12, 2020, Barner left his residence without authorization.

23. On September 13, 2020, Barner left his residence without authorization.

24. On September 15, 2020, Barner left his residence without authorization.

25. On September 16, 2020, Barner left his residence without authorization.

26. On September 18, 2020, Barner left his residence without authorization.

27. On September 20, 2020, Barner left his residence without authorization.

28. On September 21, 2020, Barner left his residence without authorization.

29. On September 22, 2020, Barner did not return to his residence as scheduled following an approved treatment session.

30. On September 26, 2020, Barner left his residence without authorization.

31. On September 28, 2020, Barner left his residence without authorization.

32. On September 29, 2020, Barner left his residence without authorization.

33. On September 30, 2020, Barner left his residence without authorization.

34. On October 2, 2020, Barner left his residence without authorization.

35. On October 3, 2020, Barner left his residence without authorization.

36. On October 4, 2020, Barner left his residence without authorization.

37. On October 13, 2020, Barner left his residence without authorization.

38. On July 23, 2020, Barner provided a specimen that was presumptive positive for codeine, fentanyl, morphine and hydromorphone. Barner admitted to using illegal substances.

39. On August 13, 2020, Barner provided a specimen that was presumptive positive for fentanyl and morphine. Barner admitted to using illegal substances.

40. On September 10, 2020, Barner provided a specimen that was presumptive positive for cocaine, fentanyl, morphine and methadone. Barner admitted to using illegal substances.

41. On September 24, 2020, Barner provided a specimen that was presumptive positive for cocaine, fentanyl, morphine and methadone. Barner admitted to using illegal substances.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, and that this declaration was executed on October 14, 2020.

Ashley Hadam
U.S. Probation Officer